**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20076-03-KHV |
| ) | |
| ROSALIA M. PRICEBROOKS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On June 2, 2010, a grand jury indicted defendant and others on charges of conspiracy to distribute crack cocaine, distributing crack cocaine and maintaining a drug-involved premises. See Indictment (Doc. #1).

This matter is before the Court on the Motion Of Defendant Rosalia Pricebrooks For Bond (Doc. #134) filed November 1, 2010. On November 24, 2010, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

**Procedural Background**

On June 24, 2010, federal law enforcement officers arrested defendant in Utah. United States Magistrate Judge Paul M. Warner held a detention hearing and ordered defendant detained pending trial. See Doc. #6 in Case No. 10-mj-00167-BCW, United States District Court For The District Of Utah. The United States Marshal's Service then transported defendant to the District of Kansas.

**Standard of Review**

A defendant may seek review of a magistrate judge's order of detention. See 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of detention. See United

States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusion with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See id. The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

**Standards For Detention**

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record

>concerning appearance at court proceedings; and
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community"). The burden of production on the defendant to overcome the presumption is not a heavy one, but the defendant must produce some evidence. Stricklin, 932 F.2d at 1354-55. Even if defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. See United States v. Johnson, 123 Fed. Appx. 377, 379 (10th Cir. 2005). Ultimately, the burden of persuasion is always on the government. Id.

"A grand jury indictment provides the probable cause required by the statute to trigger the presumption." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Here, the grand jury indictment charges defendant with offenses which carry a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, and thus raises the rebuttable

presumptions of risk of flight and danger to the community. See United States v. Martinez, No. 99-40095-01-SAC, 1999 WL 1268376, at *3 (D. Kan. Nov. 3, 1999).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in the particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Id. "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989) (footnote omitted)). The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp. 2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## Analysis

**I.   Nature And Circumstances Of The Offense**

As noted, the counts against defendant trigger the rebuttable presumption for detention. Accordingly, this factor favors detention.

**II.  Weight Of The Evidence**

At the detention hearing, the government proffered evidence that defendant committed the crimes charged in the indictment. Defendant has offered no evidence to dispute the charges. The weight of evidence favors detention.

**III. History And Characteristics Of Defendant**

Defendant is 33 years old. She was born in American Samoa on March 17, 1977. At the age of nine, defendant moved to Hawaii with her mother. In 2004, defendant married and moved to Kansas with her husband. She moved back to Hawaii for a time, but then moved back to Kansas to live with her sister in Leavenworth. In 2008, defendant and her husband divorced.

Defendant has been unemployed for the past six months. Before that, she worked for four years in nursing in Leavenworth, Kansas. Defendant reports that she is in good physical and mental health.

Defendant has a very limited criminal history. In March of 2010, Leavenworth, Kansas police arrested her for disorderly conduct and obstructing legal process or official duty, both misdemeanors. On April 14, 2010, the Leavenworth Municipal Court issued a warrant for defendant's arrest for failure to appear on those charges.

Defendant's past behavior suggests that she would be a risk of flight if the Court were to release her on bond. See Johnson, 123 Fed. Appx. at 379 (affirming detention decision where defendant was flight risk because he failed to appear four times in three other court proceedings). In these circumstances, the Court finds that despite her family ties to Leavenworth, Kansas, defendant presents a significant risk of flight.

**IV.     Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that she will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Based on the government's proffer, defendant was involved in drug distribution, and the risk that defendant will commit additional crimes involving drug distribution is sufficient to detain her. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community). Based on her prior conduct, the Court cannot predict that defendant would abandon her criminal activities.

**V.     Conclusion**

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure that defendant will appear on the charges.[1] The government has carried its burden of proving that pretrial detention of defendant is warranted because she is a risk of flight and a danger to the community.

---

[1] Defendant proposed that she be released on conditions including that she live with her sister in Leavenworth, procure work and have no contact with co-defendants. The Court has no confidence that defendant's proposed plan would meet the important concerns of the danger the defendant poses to the community and others and particularly the risk of her not appearing as required.

**IT IS THEREFORE ORDERED** that the Motion Of Defendant Rosalia Pricebrooks For Bond (Doc. #134) filed November 1, 2010 be and hereby is **OVERRULED**. Defendant shall remain detained pending trial.

Dated this 30th day of November 2010 at Kansas City, Kansas.

                s/ Kathryn H. Vratil
                KATHRYN H. VRATIL
                United States District Judge