# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) CRIMINAL ACTION |
| v. | ) |
| | ) No. 10-20076-03-KHV |
| ROSALIA M. PRICEBROOKS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On June 2, 2010, a grand jury indicted defendant and others on charges of conspiracy to distribute crack cocaine, distributing crack cocaine and maintaining a drug-involved premises. See Indictment (Doc. #1). On August 30, 2010, defendant filed ten pretrial motions in this case. At a hearing on November 22, 2010, the Court ruled on some of defendant's motions and took under advisement the following: Motion Of Defendant Rosalia Pricebrooks For A James Hearing To Determine Admissibility of Extra Judicial Statements Of Alleged Co-Conspirators And To Establish Order Of Proof As To Conspiracy Allegations (Doc. #94); Motion Of The Defendant Rosalia Pricebrooks To Prohibit The Government, Law Enforcement Officers, Or "Cooperating Individuals" From Approaching Her And Attempting To Discuss [OR] Discussing Possible Past Or Future Illegal Activity With Ms. Pricebrooks (Doc. #104); Motion Of The Defendant Rosalia Pricebrooks For Identification Of All Expert Witnesses That The Government Intends To Call In The Trial Of This Matter Along With A Summary Of Said Testimony, The Opinions To Be Voiced, The Basis And Reasons For Those Opinions And The Witnesses Qualifications (Doc. #106); Motion Of Defendant Rosalia Pricebrooks For Adequate Court Facilities (Doc. #107); and Motion Of Rosalia Pricebrooks To Exclude Co-Conspirators' Testimonial Statements (Doc. #109) all filed August 30, 2010.

I.     Motion For James Hearing (Doc. #94)

Defendant asks the Court to hold a pretrial hearing pursuant to United States v. James, 590 F.2d 575, 579-80 (5th Cir. 1979), to determine the admissibility of co-conspirator statements. The Tenth Circuit recommends the use of a pretrial hearing to determine that a conspiracy existed before statements of co-conspirators are admitted at trial pursuant to Fed. R. Evid. 801(d)(2)(E). The government argues, however, that the provisional admission of co-conspirators' statements in this case will be more expeditious than a pretrial hearing. See United States v. Pinto, 838 F.2d 426 (10th Cir. 1988) (upholding conditional admission of statements, subject to government "connecting up" later).

> Under the Federal Rules of Evidence, a conspirator's statement is not hearsay if –
>
> The statement is offered against a party and is . . . (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

Fed R. Evid. 801(d)(2). Thus, before admitting co-conspirator statements, the Court must determine by a preponderance of the evidence that (1) a conspiracy existed, (2) defendant and declarant were members of the conspiracy, and (3) declarant made the statements during the course and in furtherance of the conspiracy. See United States v. Williamson, 53 F.3d 1500, 1517-18 (10th Cir. 1995). In making its preliminary factual determination as to whether a conspiracy exists, the Court may consider the proffered statement, along with independent evidence tending to establish the conspiracy. United States v. Lopez-Guttierrez, 83 F.3d 1235, 1242 (10th Cir. 1996) (court may consider co-conspirator statements in determining existence of conspiracy) (citing Bourjaily v. United States, 483 U.S. 171 (1987)). The government asserts that based upon the extensive

discovery already provided to defense counsel, it will be able to establish a conspiracy. In the alternative, the government asks the Court to hold a James hearing on the eve of trial. The government notes that it may establish a conspiracy with the summary testimony of a government agent regarding other out of court detailed factual statements made by a coconspirator to the agent during an investigation. See United States v. Owens, 70 F.3d 1118, 1125 (10th Cir. 1995).

The Court find that defendant's motion for a James hearing should be overruled. The government has provided substantial discovery in this case. At this point it appears that a James hearing would essentially duplicate the evidence at trial. Accordingly, such a hearing would waste judicial resources – and those of counsel – with little resulting gain. Furthermore, defendant will suffer no discernable prejudice if the evidence is conditionally admitted at trial.

II.     Motion Regarding Expert Witnesses (Doc. #106)

Defendant asks the government to identify all expert witnesses that the government intends to call at trial, and to provide a summary of each expert's qualifications, and his or her intended testimony, opinions and bases for those opinions. See Fed. R. Evid. 702, 703, 705. Under Rule 6(a)(1)(G), Fed. R. Crim. P., "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The General Order Of Discovery And Scheduling directs that within a reasonable time period after arraignment, the government must comply with Rules 12(b)(4) and 16, Fed. R. Crim. P, and Brady/Giglio. See Doc. #79 at 2. The scheduling order further provides that pursuant to Rule 16(a), Fed. R. Crim. P., the government shall permit defendant to inspect and copy a written summary of testimony the government intends to offer under Rules 702, 703, or 705, Fed. R. Evid. Id. at 2-3.

The government does not object to defendant's motion and asks the Court to set a deadline of 14 days before trial for such disclosures. The Court finds that defendant's motion should be sustained and directs the government to provide the disclosures 14 days before trial.

III.    Motion For Adequate Court Facilities (Doc. #107)

Defendant requests that at trial, the Court provide defendant and defense counsel a table separate from any of her ten co-defendants who proceed to trial. Defendant asserts that sharing counsel table with co-defendants is prejudicial because (1) the jury will likely view defendants as a group and the guilt of co-defendants may spill over on her, and (2) sharing a counsel table will risk disclosure of confidential, privileged information.

The government responds that defendant's motion potentially would require a total of 12 counsel tables, creating a "logistic nightmare." Consolidated Response To Defendants' Pretrial Motions (Doc. #119) at 5. The government asserts that the Court can instruct the jury to separately consider the evidence against each defendant. See United States v. Edwards, 69 F.3d 419, 434 n.8 (10th Cir. 1995). As for defendant's concern about attorney-client communication, the government points out that during court proceedings, those not seated at counsel table can sometimes hear communications between defendants and their attorneys, and that separate counsel tables would not eliminate inadvertent eavesdropping.

The criminal process presumes that defendant is innocent until proved guilty. Deck v. Missouri, 544 U.S. 622, 630 (2005). The Constitution prohibits any courtroom arrangement or procedure that "undermines the presumption of innocence and the related fairness of the factfinding process." United States v. Larson, 460 F.3d 1200, 1214 (9th Cir. 2006) (quoting Deck, 544 U.S. at

630); see United States v. Miller, 250 F.R.D. 588, 598 (D. Kan. 2008). Where defendant challenges courtroom arrangements, the Court must determine whether the arrangements create an unacceptable risk to defendant's right to a fair trial. See Larson, 460 F.3d at 1214. The arrangement of the courtroom, including placement of defendants and counsel, is committed to the sound discretion of the Court. Based on the Court's experience with multi-defendant trials, the Court does not believe that seating several defendants at a single table prejudices defendant. See Miller, 250 F.R.D. at 598-99. Further, the Court will instruct the jury to give separate consideration to the evidence as it pertains to each defendant. See Edwards, 69 F.3d at n.8. The Court overrules defendant's motion.

IV.  Motion To Prohibit the Government, Law Enforcement Officers, Or "Cooperating Individuals" From Approaching Defendant (Doc. #104)

The government states that it does not intend to approach defendant directly or through an agent to discuss the present and pending charges. The government points out, however, that is does not control other individuals, including some who might be cooperating with the government. The government objects to any blanket court order that would exclude statements by defendant obtained from some "non-government-connected individual" with whom the defendant chooses to discuss her case. Further, the government notes that the continuing investigation of uncharged offenses does not violate defendant's Sixth Amendment right to the assistance of counsel. Cf. Maine v. Moulton, 474 U.S. 159 (1985) (court need not exclude evidence pertaining to charges as to which Sixth Amendment right to counsel had not attached simply because other charges were pending) (dicta). The Court finds that defendant's motion should be sustained in part. The government is directed not to contact or to direct others to contact defendant about the current and pending charges.

V.     Motion To Exclude Co-Conspirators' Testimonial Statements (Doc. #109)

Defendant seeks to exclude co-conspirator testimonial statements, arguing that even if the statements are admissible under the co-conspirator exception to the hearsay rule, Fed. R. Evid. 801(d)(2)(E), admitting such statements violates the Confrontation Clause of the Sixth Amendment. When admissibility of testimonial evidence is at issue, the Confrontation Clause requires that the declarant be unavailable and that defendant has had a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 53-54 (2004). A statement is testimonial "if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or prosecution of a crime." United States v. Summers, 414 F.3d 1287, 1302 (10th Cir. 2005). Further, a statement, knowingly given in response to structured police questioning, qualifies under any conceivable definition of interrogation. Crawford, 541 U.S. at 53.

Defendant asks the Court to prohibit introduction of or any reference to any testimonial statements made to any law enforcement officers and/or the U.S. Attorney's Office regarding defendant unless the Court first determines that the declarant is unavailable and that defendant has had a prior opportunity to cross-examine the declarant. The government responds that it does not intend to violate Crawford. It asserts, however, that the Court cannot determine admissibility until it offers evidence and defendant timely objects. The Court agrees.

**IT IS THEREFORE ORDERED** that the Motion Of The Defendant Rosalia Pricebrooks For Identification Of All Expert Witnesses That The Government Intends To Call In The Trial Of This Matter Along With A Summary of Said Testimony, The Opinions To Be Voiced, The Basis And Reasons For Those Opinions And The Witnesses Qualifications (Doc. #106) filed August 30,

2010 be and hereby is **SUSTAINED**.  The government shall provide the disclosures 14 days before trial

**IT IS FURTHER ORDERED** that the Motion Of Defendant Rosalia Pricebrooks For A James Hearing To Determine Admissibility Of Extra Judicial Statements Of Alleged Co-Conspirators And To Establish Order Of Proof As To Conspiracy Allegations (Doc. #94); the Motion Of The Defendant Rosalia Pricebrooks To Prohibit The Government, Law Enforcement Officers, Or "Cooperating Individuals" From Approaching Her And Attempting To Discuss [OR] Discussing Possible Past Or Future Illegal Activity With Ms. Pricebrooks (Doc. #104); the Motion Of Defendant Rosalia Pricebrooks For Adequate Court Facilities (Doc. #107); and the Motion Of Rosalia Pricebrooks To Exclude Co-Conspirators' Testimonial Statements (Doc. #109) all filed August 30, 2010 be and hereby are **OVERRULED**.

Dated this 2nd day of December, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge